UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chanton Blackshire,

          Petitioner,    Case No. 15-cv-13891

v.                             Judith E. Levy
                                United States District Judge

Sherman Campbell,

          Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1] WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Chanton Blackshire filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted after a jury trial in the Wayne Circuit Court of unlawfully taking possession of and driving away a motor vehicle, MICH. COMP. LAWS § 750.413, and was sentenced as a fourth-time habitual felony offender to a term of forty-six months to ten years' imprisonment.

Petitioner raises five claims: (1) Petitioner was convicted of an offense that he was not charged with and for which he was given no

notice; (2) the felony complaint was not signed or sworn; (3) Petitioner's trial attorney was ineffective for failing to meet with him prior to trial; (4) the trial court committed misconduct, in part, by adding a charge of unlawful driving away of a vehicle after insufficient evidence of carjacking was presented at trial; and (5) the prosecutor committed misconduct. (Dkt. 1 at 1-20.) Because Petitioner's conviction is still being reviewed in the state courts, the petition is dismissed without prejudice.

Petitioner was originally charged with carjacking. MICH. COMP. LAWS § 750. 529a. Following closing arguments, the trial court asked defense counsel whether her position was that Petitioner was guilty of, at best, unlawful driving away of an automobile. (Dkt. 12-12 at 19.) Defense counsel responded that she did make that argument based upon the testimony of the police officers. (*Id.*) The prosecutor then stated that he would request a jury instruction on the lesser offense, and defense counsel responded that it was within the court's discretion to give the instruction. (*Id.* at 19-20.) Trial counsel did not object.

The trial court ultimately instructed the jury regarding both offenses. Following deliberations, the jury returned a verdict of not

guilty as to carjacking and guilty as to the lesser offense of unlawful driving away of an automobile. Petitioner filed an appeal of right, and the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Blackshire*, No. 317594, 2014 Mich. App. LEXIS 2404 (Mich. Ct. App. Dec. 9, 2014).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals. The supreme court reversed the decision of the court of appeals and remanded the case to the trial court, with instructions to hold an evidentiary hearing on Petitioner's claim that his trial counsel was ineffective for "failing to argue that the instruction on the lesser offense was barred by *People v Cornell*, 466 Mich 335; 646 N.W.2d 127 (2002)." *People v. Blackshire*, 497 Mich. 1033, 1033-34 (2015) (table). As of now, it seems that the evidentiary hearing was held on September 22, 2015, but a decision has yet to be made. *People v. Blackshire*, No. 12-003666-01-FC (Wayne Cty. Cir. Ct. Sept. 22, 2015), *available at* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1267035; *see generally Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)

(court may take judicial notice of public documents considered "not to be subject to reasonable dispute").

Before the Court may grant habeas relief to a state prisoner, he must exhaust any remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the questions presented. *See* 28 U.S.C. § 2254(c). Generally, a habeas petition must be denied on exhaustion grounds when an appeal challenging the conviction is still pending in the state courts. *See Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing

habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court).

Here, the Michigan Supreme Court remanded Petitioner's case to the trial court for an evidentiary hearing to determine whether his trial counsel was ineffective for failing to argue that the instruction on the lesser offense was barred by a previous case from the Michigan Supreme Court. *People v. Blackshire*, 497 Mich. 1033, 1033-34 (2015) (citing *People v. Cornell*, 466 Mich. 335 (2002)). The trial court has not yet issued a decision. If Petitioner prevails on this claim on remand, he will be entitled to a new trial and the claims raised in this petition will be mooted. Thus, this petition is premature, because Petitioner has not exhausted his state court remedies as required by § 2254(c).

Accordingly, the petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Petitioner fails to make a substantial showing of the denial of a federal constitutional right, given that he has not yet exhausted his remedies before the state courts.

Finally, the Court denies leave to proceed *in forma pauperis* on appeal. A court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). Because an appeal

6

could not be taken in good faith here, Petitioner may not proceed *in forma pauperis* if he wishes to appeal this decision. *Id.*

IT IS SO ORDERED.

Dated: December 20, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2016.

  s/Felicia M. Moses
  FELICIA M. MOSES
  Case Manager